IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Reff Properties, LLC, | ) |
| | ) Case No. 14 C 50002 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Bauer Group Agency, Ltd., | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |
| | ) |

**ORDER**

     For the reasons stated below, Reff Properties, LLC's motion to withdraw the reference [1] is granted. The court has supplemental jurisdiction over the third-party claims. Parties to schedule a status hearing before Magistrate Judge Johnston within 30 days.

**STATEMENT-OPINION**

     This matter is before the court on the motion (pursuant to 28 U.S.C. § 157(d)) of Reff Properties, LLC ("Reff") to withdraw the reference of an adversary proceeding, <u>Donahue v. Smith, et al.</u>, case number 13 A 96019, currently pending in a bankruptcy proceeding, <u>In re Pinewood Buffet & Grill Inc.</u>, case number 12 B 8334, in the United States Bankruptcy Court for the Northern District of Illinois, Western Division. In the adversary proceeding, Donahue, the Chapter 7 Trustee, seeks a declaratory judgment that insurance proceeds paid by Debtor's insurer for losses resulting from a fire are property of the bankruptcy estate. Reff filed a third-party complaint against Jennifer Smith (a co-defendant with Reff in the original adversary proceeding) and against Auto-Owners Insurance Company ("Auto-Owners"), Michael Woodward, and Bauer Group Agency, Ltd ("Bauer"). Smith, Auto-Owners, Woodward, and Bauer all moved to dismiss Reff's third-party complaint for lack of subject matter jurisdiction. The bankruptcy court denied Smith's motion to dismiss Reff's third-party complaint but granted the motion to dismiss of the other third-party defendants finding that Reff's action against them did not fall within the scope of the district court's referral of matters to the bankruptcy court as allowed by 28 U.S.C. § 157(a) and provided by Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. The bankruptcy court stayed the adversary proceeding to allow Reff to file this motion to withdraw the reference and to allow this court to rule on that motion.

     Debtor operated a restaurant in a building it leased from Reff. According to the lease agreement, Debtor was required to maintain fire and casualty insurance on the premises and list

Reff as a named insured. Debtor obtained a fire insurance policy issued by Auto-Owners. It purchased the policy through Bauer and Bauer's officer, Woodward. The insurance binder named Reff as a "mortgagee, loss payee and additional insured" but the policy ultimately issued by Auto-Owners did not. Instead, it listed Smith as an additional insured "Secured Interested Party." A fire occurred. Subsequent to the fire, the insurance policy was amended to show Reff as an additional insured as to both the building and its contents. Auto-Owners eventually issued a check under the policy for $439,252.33 made payable jointly to Debtor, Smith and Reff for the cash value of the building. It also issued a separate check for $41,981.58 made payable jointly to Debtor and Reff for the cash value of the insured contents. Debtor, Smith, and Reff agreed to deposit the insurance proceeds in escrow with a law firm until their competing claims to the proceeds were resolved. Reff filed a state court action in the Illinois Circuit Court for the 15th Judicial Circuit against the same parties named in its third-party complaint in the adversary proceeding seeking an adjudication against Smith that the proceeds belong to Reff and indemnification from Bauer, Auto-Owners, and Woodward if the state court did not award Reff the proceeds. Donahue subsequently filed the subject adversary complaint seeking a declaratory judgment that the escrowed insurance proceeds are property of the bankruptcy estate and that Reff's only claim is that of a general unsecured creditor.[1]

Count VI of Reff's third-party complaint seeks a declaratory judgment that Reff is entitled to the entire insurance proceeds disbursed in the two checks referenced above free and clear of any claim by Smith. The remainder of the claims in the third-party complaint are against Auto-Owners, Bauer, and Woodward (collectively, "Insurance Parties"). Reff's third-party complaint seeks indemnification (in the event it is found not to be entitled to the insurance proceeds discussed above) from the Insurance Parties (in Count I against Bauer, Count II against Woodward, and Count III against Auto-Owners) for violating the Illinois statutory duty (735 ILCS 5/2-2201) of an insurance producer, registered firm, and limited insurance representative to exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured. Reff additionally seeks indemnification from Auto-Owners on claims of common law negligence (Count IV) and as a disclosed third party beneficiary to the insurance contract between Debtor and Auto-Owners (Count V).

Reff moves to withdraw the reference to allow Donahue's declaratory action against Reff and Reff's third-party claims against the Insurance Parties to proceed together in the same forum. Reff asserts this court, if it withdraws the reference, would have supplemental jurisdiction over Reff's claims against the Insurance Parties because those claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The case or controversy within the court's original jurisdiction is Donahue's action as trustee to collect

---

[1] According to the bankruptcy court's memorandum opinion, Smith filed only an unsecured claim in the Debtor's bankruptcy case and admitted in her answer to Donahue's adversary complaint that the insurance proceeds "are property of the bankruptcy estate and should be paid to the same for the benefit of the estate's creditors."

property of the estate. 28 U.S.C. § 1334(e). Such an action is automatically referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and Internal Operating Procedure 15 and is a core proceeding in which the bankruptcy court may enter judgment. 28 U.S.C. § 157(b)(1) & (b)(2)(E)&(K). Withdrawing the reference would take the determination of this matter away from the bankruptcy court and bring it to this court. The only reason Reff seeks withdrawal is its belief that this court would then exercise supplemental jurisdiction over Reff's state law claims against the Insurance Parties. Claims that have no other basis for federal court jurisdiction. The bankruptcy court found it did not have authority to adjudicate these state law claims because these claims do not arise in or relate to a case under Title 11 and therefore, were not within the scope of the reference to it by Internal Operating Procedure 15 as authorized by 28 U.S.C. § 157(a). Smith is the only party opposing withdrawal of the reference.

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section [28 U.S.C. § 157], on its own motion or on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d). A district court has broad discretion in determining whether to withdraw the reference. See In re Beale, 410 B.R. 613, 616 (N.D. Ill. 2009) (Gottschall, J.) Various factors have been considered by courts in deciding whether cause is shown "including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial." Id. A district court has supplemental jurisdiction over state claims "so long as they derive from a common nucleus of operative fact with the original federal claim. A loose factual connection is generally sufficient." Houskins v. Sheahan, 549 F.3d 480, 495 (7th Cir. 2008). (internal quotation marks and citations omitted.)

The original federal claim here seeks a determination that the insurance proceeds were rightly only the property of the Debtor as Debtor was the named insured at the time of the loss. A primary issue in making that determination is the insurance contract between Debtor and the insurer, Auto-Owners. The contract was procured through Bauer and Bauer's officer, Woodward. The third-party claims relate directly to the terms of that insurance contract and the process of binding the coverage. If the allegations of the third-party complaint are true, the only reason the insurance proceeds could be found under the Trustee's claim to belong to the estate, is if some or all of the Insurance Parties breached a duty or duties owed to Reff during the insurance binding and issuing process resulting in Reff not being named as a "mortgagee, loss payee and additional insured" as it had bargained for. This factual connection would be close enough for the court to exercise supplemental jurisdiction over the third-party claims if the original action were pending before it. See id.

Smith argues withdrawal of the reference is inappropriate because the purpose of the bankruptcy court system is to direct all bankruptcy matters to the bankruptcy court with its well-developed expertise in bankruptcy matters. But, as Reff points out, no bankruptcy-specific issue is in play in Donahue's action. The adversary complaint alleges Debtor was the named insured at

3

the time of the loss and that the estate is therefore entitled to the proceeds based on Debtor's "named insured" status. This is an insurance contract issue not a bankruptcy issue.

Smith also argues that a bankruptcy court finding in the adversary proceeding that Reff is entitled to the proceeds would moot the third-party indemnification claims against the Insurance Parties. Only a finding in favor of the estate would necessitate a resolution of the indemnification claims. While this is certainly true, and the actions could easily proceed with the adversary proceeding first and the pending state court action of Reff versus the Insurance Parties proceeding only after Donahue has prevailed in the adversary proceeding, it will be much more efficient for the bankruptcy and state courts involved, for the judicial process overall, and for Reff and the Insurance Parties to resolve all matters in one action. Since this is the only court that can have jurisdiction over all of the claims involved in the adversary proceeding and third-party complaint and because the facts concerning the formation of the insurance contract and issuance of the policy are common to both Donahue's claim, the defenses to that claim, and the third-party claims of Reff, cause has been shown for withdrawal of the reference and the exercise of supplemental jurisdiction over the third-party claims.

Judicial economy, convenience, and conservation of debtor and creditor resources all counsel withdrawing the reference. While the adversary proceeding is a core proceeding, it involves state-law rather than bankruptcy issues. Uniformity of bankruptcy administration is not implicated. Reff's desire to try all of the issues in one case looks more like a quest for efficiency than forum shopping. Weighing the various factors set out above that courts have used to determine whether cause has been shown to withdraw the reference, the court concludes cause has been shown here.

For the foregoing reasons, Reff Properties, LLC's motion to withdraw the reference [1] is granted. The court has supplemental jurisdiction over the third-party claims. Parties to schedule a status hearing before Magistrate Judge Johnston within 30 days.

Date: 4/9/2014					ENTER:


							_____
							United States District Court Judge


							Notices mailed by Judicial Staff. (LC)
							Copy to Magistrate Judge Johnston